IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO SALGADO,                        )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )    Case No. 3:16-cv-00268-JPG
                                        )
DR. SIDDIQUI,                           )
                                        )
                    Defendant.          )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antonio Salgado is currently incarcerated at the Menard Correctional Center ("Menard). (Doc. 1.) Proceeding *pro se*, Plaintiff has filed a civil rights action pursuant to 42 U.S.C. § 1983 against a prison physician, Dr. Siddiqui. (*Id.*) He seeks compensatory and punitive damages. (*Id.* at 6.)

This matter is now before the Court for a preliminary review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's complaint fails to state a claim on which relief may be granted. The body of the statement of claim consists of one paragraph. While not fatal in and of itself, this paragraph is scant on factual details. It alleges that Plaintiff was experiencing severe chest pain attributable to a lump on his chest and that, when he went to see Dr. Siddiqui, the prison doctor informed Plaintiff that he did not know what the lump was and that he was going to refer him to Dr. Trost. The only other information Plaintiff provides about Siddiqui's behavior is that the doctor did not know when Plaintiff would be able to see Dr. Trost and that he refused to give Plaintiff pain medication. Plaintiff does not state whether he eventually saw Dr. Trost. But, more importantly, he does not provide sufficient detail as to his meeting with Dr. Siddiqui to allow this Court to find that the physician is liable for committing a constitutional violation. It is true that Federal Rule of Civil Procedure 8 only requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2); however, a complaint cannot be so "short and plain" as to fail to provide sufficient notice of a litigant's claim. Therefore, the complaint is dismissed without prejudice.

For these reasons, Plaintiff's complaint must be dismissed, and he must file an amended complaint that complies with Rule 8.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to abide by Federal Rule of Civil Procedure 8.

**IT IS FURTHER ORDERED** that, in order to proceed with this action, Plaintiff is **DIRECTED** to submit his First Amended Complaint within 35 days of the entry of this order (**on or before May 11, 2016**). He should label the form First Amended Complaint, and he should use the case number for this action. Plaintiff should state, in chronological order, what happened to him that constituted a deprivation of his constitutional rights, and who was personally involved.

An amended complaint supersedes the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 6, 2016**

>                         *s/J. Phil Gilbert*
>                         **J. PHIL GILBERT**
>                         **United States District Judge**