IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO SALGADO, #A-82405, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00268-JPG |
| | ) |
| SIDDIQUI, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antonio Salgado, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Salgado claims deliberate indifference to his serious medical condition of chronic chest pain, in violation of the Eighth Amendment. In connection with this claim, Salgado sues Siddiqui (doctor) for monetary relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). It should be noted the Court is reviewing the First Amended Complaint. The initial Complaint (Doc. 1) was dismissed for failure to state sufficient factual or legal grounds upon which relief could be granted (Doc. 7).

## The Complaint

Salgado alleges that in September 2015 he began experiencing severe chest pain, and noticed a marble-sized lump on the left side of his chest (Doc. 7 at 3). He sought medical care via sick call slips, and, after lodging a few requests he was seen by Defendant Siddiqui (*Id.*). Salgado alleged that he had been in pain and seeking medical care for eight weeks at the time he saw a doctor (*Id.*). Siddiqui attempted to probe the lump, but Salgado insisted that it was too painful to continue the examination (*Id.*). Salgado reported that the pain was a nine on a scale of ten (*Id.*). Salgado also told Siddiqui that the chest pain was so severe it caused him trouble moving, swallowing, sleeping, and participating in daily activities (*Id.* at 4). Siddiqui agreed to refer him to see Doctor Trost, but was unable to verify when the appointment would take place (*Id.*). In the interim, Siddiqui refused pain medication (*Id.*).

Salgado saw Dr. Trost three weeks after Siddiqui's referral (*Id.* at 5). At the appointment with Trost, he reported no change in the level of pain or discomfort (*Id.* at 5-6). Dr. Trost told Salgado not to worry, as he personally had similar lumps (*Id.* at 6). Trost refused pain medication, but instructed Salgado to put in a new sick call slip if the pain worsened (*Id.*).

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates deliberate indifference to the serious medical needs

of an inmate. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). To establish deliberate indifference to a medical condition, a prisoner must show a condition that is sufficiently serious (objective component) and that an official acted with a sufficiently culpable state of mind in failing to address the condition (subjective component). *Id.* Whether an injury is serious enough is a very fact specific inquiry—seriousness may be shown if an ordinary doctor opined an injury warranted treatment, if an injury significantly impacted an individual's daily activities, or if an injury caused chronic or substantial pain, among other things. *Id.*

As to the subjective component, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id.* A claim for medical negligence does not amount to deliberate indifference. *Gutierrez*, 111 F.3d at 1369. Medical malpractice, negligence, and even gross negligence does not equate to deliberate indifference. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). "It is not enough to show, for instance, that a doctor should have known that surgery was necessary; rather, the doctor must know that surgery was necessary and then consciously disregard that need in order to be held deliberately indifferent." *Id.*

In the context of a deliberate indifference claim, "knowledge and intent may be pleaded generally (which is to say, in a conclusory fashion), [and] the lack of detail does not permit dismissal." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "It is enough to lay out a plausible grievance. A prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is

enough to state a claim on which relief may be granted—if it names the persons responsible for the problem." *Id.*

Objectively, Salgado has identified an injury serious enough to pass threshold review. He alleges that he suffered from chronic chest pain, pain so severe that it limited his mobility and his ability to participate in daily activities. He also reported an unidentified lump on his left side. *See Gutierrez*, 111 F.3d at 1369 (noting that a common cold or minor asthma attack may not be serious, but that a topical skin cyst could be serious). Chronic conditions or pain typically are severe enough to constitute a serious condition for deliberate indifference purposes. *See id.* Accordingly, the Court will treat Salgado's pain and the lump in his chest as serious conditions.

Turning to the subjective component, Salgado alleges that Siddiqui acted in deliberate indifference by refusing to tell him when he would see Dr. Trost and for refusing pain medication. The Court is unable to determine at this juncture whether Siddiqui's actions possibly constituted deliberate indifference. And, though it is a close call, Salgado has stated the bare minimum to survive screening on his deliberate indifference claim. He stated that he suffers from chronic pain, that he alerted Siddiqui to this pain, and that Siddiqui refused any treatment other than a referral to Dr. Trost. The referral took over three weeks to come to fruition, and in the interim Salgado was left without even the most basic of remedies such as aspirin or ibuprofen. These facts do not establish intent or knowledge with certainty, and discovery may reveal that Siddiqui had valid reasons for refusing pain medication, but at this juncture, the Court cannot rule out the possibility that Salgado has stated a plausible claim for deliberate indifference. *Burks*, 555 F.3d at 594. Accordingly, the Complaint will be allowed to proceed against Defendant Siddiqui to allow further development of the factual record.

**Disposition**

**IT IS ORDERED THAT THE ENTIRE COMPLAINT** shall proceed as to **DEFENDANT SIDDIQUI**.

With respect to **the COMPLAINT**, the Clerk of Court shall prepare for **DEFENDANT SIDDIQUI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 25, 2016**

**s/J. Phil Gilbert**
**U.S. District Judge**
