# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANTONIO SALGADO,**

**Plaintiff,**

**v.**

**MOHAMMAD SIDDIQUI,**

**Defendant.**                                              No. 16-cv-268-DRH-SCW

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Plaintiff Antonio Salgado, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while incarcerated at Menard Correctional Center. Salgado alleges in his complaint that Dr. Siddiqui was deliberately indifferent in diagnosing and treating a lump on plaintiff's chest in 2015. Plaintiff alleges that he still suffers as a result of the continued presence of the lump and pain resulting from it having not been adequately treated. Along with his complaint, Salgado filed a motion for preliminary injunction (Doc. 57), seeking relief in the form of transportation to Carle Richland Memorial Hospital for a physical examination to diagnose the nature of the lump and the associated pain. Salgado seeks an order directed to Warden Kevin Kink at Lawrence Correctional Center, who is not currently a party to the case but who Salgado seeks to add to the case for the purposes of implementing his request for transfer to Carle Richland Memorial Hospital to be examined by Dr. Stephen Rosett, Salgado's proposed expert. Salgado argues that without an independent medical examination, he will have

difficulty proving his case and will continue to suffer from irreparable harm due to the continued pain that he suffers from the lump.

Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Williams submitted a Report and Recommendation ("the Report") on June 20, 2018 (Doc. 61). The Report recommends that the Court deny Salgado's motion for preliminary injunction. The Report found that a preliminary injunction is not warranted at this stage of the litigation process, and that plaintiff's case will not be significantly impaired absent a preliminary injunction at this time. Further, given the safety concerns involved, and plaintiff's failure to make a showing that transportation for medical review by an expert is necessary, the Court agrees with the reasons set forth in Judge Williams' Report.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, none of the parties has filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report (Doc. 61). The Court **DENIES** Salgado's motion for preliminary injunction (Doc. 57) for the reasons given in the Report and Recommendation.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.10
16:28:20 -05'00'

**United States District Judge**